UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ANGELA THOMAS AND ELLIOT THOMAS | CIVIL ACTION |
| VERSUS | NO. 23-7138 |
| ALLIED TRUST INSURANCE COMPANY | SECTION: "H" |

### ORDER AND REASONS

Before the Court is Defendant Allied Trust Insurance's Motion to Dismiss with Prejudice (Doc. 48). For the following reasons, the Motion to Dismiss is **GRANTED**.

### BACKGROUND

Plaintiffs Angela and Elliot Thomas brought this action against their insurer, Defendant Allied Trust Insurance Company, after Hurricane Ida damaged their home.[1] Plaintiffs allege that Defendant has, in bad faith, failed to compensate them for covered losses under their insurance policy.

On January 20, 2025, Defendant moved to compel Plaintiffs' discovery responses.[2] Magistrate Judge Janis van Meerveld held a hearing on the motion and ordered Plaintiffs to respond to outstanding discovery by March 3, 2025; Plaintiffs were warned that no further extensions would be permitted.[3] On March 10, 2025, the parties attended a status conference before the

---

[1] Defendants removed this action based on the Court's diversity jurisdiction.
[2] Doc. 14.
[3] Doc. 17.

1

Magistrate, and Plaintiffs were ordered to produce their discovery responses by 5:00 p.m. on March 11, 2025.[4] On March 18, 2025, Plaintiffs were ordered to show cause before the Magistrate as to why they should not be sanctioned for their failure to produce discovery responses and why this matter should not be dismissed.[5] Plaintiffs did not appear, and the Magistrate issued a Report and Recommendations, recommending that this matter be dismissed for failure to prosecute.[6] The Court declined to adopt the Magistrate's recommendation, setting a status conference and extending the discovery deadline instead.[7] At the May 20, 2025 status conference, the Court granted Plaintiffs an additional eight days to produce their responses to outstanding discovery and ordered that the remaining trial deadlines be reset to accommodate Plaintiffs' delays in producing discovery.[8]

Meanwhile, Plaintiffs also failed to submit their expert disclosures and written reports as required by this Court's Scheduling Order and Federal Rule of Civil Procedure 26, and Defendant moved to exclude any testimony or report of any proposed expert offered by Plaintiffs.[9] The Court held another status conference on July 18, 2025, intending to discuss this failure, but Plaintiffs did not appear.[10] The Court then granted Defendant's Motion to Strike Plaintiffs' expert testimony.[11]

---

[4] Doc. 19.
[5] Doc. 20.
[6] Docs. 25–26. Plaintiffs objected to the Report and Recommendations. Doc. 30.
[7] Doc. 34. This Court found that dismissal was not warranted as Plaintiffs' counsel stressed that his clients were not responsible for the delay. Further, the Court believed that other, lesser sanctions could remedy Plaintiffs' failures to produce discovery and prevent substantial prejudice to both parties.
[8] Doc. 37.
[9] Doc. 21.
[10] Doc. 44.
[11] Doc. 45.

On August 21, 2025, the Court held another status conference to discuss Plaintiffs' failure to produce discovery. The Court ordered Plaintiffs to produce their outstanding discovery responses by August 27, 2025 at 4:00 p.m. and warned them that their failure to do so may result in dismissal.

The morning of August 27, 2025, the Court held a hearing on Plaintiffs' repeated failures to produce their discovery responses. At the hearing, the Court detailed Plaintiffs' history of discovery failures, previous extensions, and the sanctions the Court had imposed. Plaintiffs' counsel informed the Court that he had identified the outstanding discovery and was working with Plaintiffs to respond but would be unable to produce responses by the Court's 4:00 p.m. deadline. Considering Plaintiffs' counsel's representations, the Court granted Plaintiffs another opportunity to produce their discovery, setting a final deadline for September 2, 2025 at 9:00 a.m. and instructing Defendant to file a motion to dismiss if Plaintiffs failed to meet the deadline.

Defendants filed the instant Motion to Dismiss after the expiration of the September 2, 2025 deadline. Plaintiffs do not oppose.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 37 permits a district court to impose sanctions against a party if it "fails to obey an order to provide or permit discovery."[12] Available sanctions include, "directing . . . designated facts be taken as established for the purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part," or "staying further

---

[12] FED. R. CIV. P. 37(b)(2)(A).

proceedings until the order is obeyed."[13] A court may even dismiss the action under Rule 37, when "the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions."[14] While the district court's discretion to sanction under Rule 37 is broad, dismissal with prejudice is considered "draconian" and "a 'remedy of last resort' only to be applied in extreme circumstances."[15] As such, an action may not be dismissed with prejudice when "it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of the petitioner."[16]

## LAW AND ANALYSIS

In its Motion, Defendant admits that Plaintiffs produced *some* of the discovery the Court repeatedly ordered them to produce. However, Defendant identifies deficiencies that Plaintiffs have still failed to remedy, namely their failure to produce: (1) any receipts or invoices for any repairs alleged to have been completed; (2) any information or documentation from at least fourteen bank or credit accounts; (3) any documentation of completed or proposed repairs; or (4) evidence of any communications with Plaintiffs' "public adjuster, appraiser, or any contractors or subcontractors" regarding their claims.[17]

The original discovery deadline in this matter was May 18, 2025.[18] As of this Order, Plaintiffs have failed to produce their discovery responses despite multiple conferences, extensions, and court orders. As Defendant's Motion aptly points out, Plaintiffs could obtain much of the missing documentation from third parties—such as their banks, contractors, or online vendors—yet

---

[13] *Id.*
[14] *Id.*; Batson v. Neal Spelce Assocs., Inc. 765 F.2d 511, 514 (5th Cir. 1985).
[15] *Batson*, 765 F.2d at 515.
[16] Nat'l Hockey League v. Metro. Hockey Club, Inc. 427 U.S. 639, 640 (1976) (quoting Societe Internationale v. Rogers, 357 U.S. 197, 212 (1958)).
[17] Doc. 48-1 at 5–8.
[18] Doc. 12.

4

they have not done so. Further, Plaintiffs have not offered any justifiable explanation for their failures.

Plaintiffs' repeated discovery failures have untenably delayed this action and stymied any opportunity of defense. Given the subject matter of this suit, the documents not yet produced are critical to defend against Plaintiffs' claims, meaning Defendant would face substantial prejudice without them. The Court has granted ample opportunity to respond to outstanding discovery requests. This Court has already imposed lesser sanctions by striking Plaintiffs' expert opinion testimony, and finds that other, lesser sanctions would be futile.[19] Accordingly, Plaintiffs' repeated failures to comply with this Court's discovery orders warrant dismissal of this action with prejudice.

## CONCLUSION

For the foregoing reasons;

**IT IS ORDERED** that Plaintiff's Motion is **GRANTED**. Plaintiffs' Complaint is **DISMISSED with prejudice**.

New Orleans, Louisiana this 12th day of January, 2026.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] Doc. 45.